J-S11023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEFFREY POWELL | |
| Appellant | No. 1969 EDA 2017 |

Appeal from the Judgment of Sentence imposed January 20, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0010588-2014

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 09, 2018**

Appellant, Jeffrey Powell, appeals from the judgment of sentence imposed on January 20, 2017 in the Court of Common Pleas of Philadelphia County following his convictions of unlawful contact with a minor, endangering the welfare of a child as a course of conduct, corrupting the morals of a minor, and indecent assault.[1]  Appellant's counsel filed a brief citing **Anders v. California**, 386 U.S. 738 (1969) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981),[2] noting that Appellant preserved three issues for

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 4304(a)(1), 6301(a)(1)(ii), and 3126(a)(1), respectively.

[2] In his brief, counsel endeavors to satisfy the requirements of **Anders** and **McClendon**.  However, our Supreme Court abrogated **McClendon** in

appeal, including weight of the evidence, discretionary aspects of sentence, and a challenge to jury selection. Counsel concurrently filed a motion for leave to withdraw. By order entered May 4, 2018, we directed counsel to file an amended brief complying in all respects with **Anders** as refined by **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Counsel complied with the directive and we are now in a position to consider his request to withdraw and the issues raised on behalf of Appellant.[3] For the reasons explained below, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We must address the request to withdraw before reviewing the merits of Appellant's issue. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in **Santiago** did not change the procedural requirements for requesting withdrawal from representation.

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous;

---

**Santiago**, requiring that counsel state the reasons for concluding the appeal is frivolous, rather than comply with the standard set forth in **McClendon**. As indicated herein, counsel did include in Appellant's amended brief the reasons for concluding the appeal is frivolous. Therefore, we shall consider it despite the erroneous reference to, and seeming reliance on, **McClendon**.

[3] In our Order, we offered the Commonwealth the opportunity to file a response to Appellant's amended brief. The Commonwealth did not file a response.

2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citing *Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009)).

Counsel's motion to withdraw did not comply with the second and third procedural requirements listed above. As a result, this Court issued an order on December 12, 2017, directing counsel to comply with those requirements, as outlined in *Cartrette*. Counsel was also directed to file proof of service of his *Anders* brief along with a copy of the trial court's Rule 1925(a) opinion and Appellant's Rule 1925(b) statement of errors complained of on appeal. Order, 12/11/17, at 1.

On December 28, 2017, counsel filed a copy of his November 18, 2017 letter to Appellant, indicating his research regarding the issues preserved for appeal had failed to uncover any grounds for relief, and reflecting that a copy of Appellant's brief and counsel's motion to withdraw were provided to Appellant. Counsel also advised Appellant of his right to represent himself or retain other counsel.

While counsel's letter did not mention either the trial court's Rule 1925(a) opinion or Appellant's Rule 1925(b) statement, the record does reflect that Appellant's counsel filed a statement of intent to file "an *Anders*/*McClendon* brief" on July 20, 2017 and the trial court responded by entering an order to transmit the record, citing *Commonwealth v. McBride*,

957 A.2d 752, 758 (Pa. Super. 2008) ("If counsel files a statement of intent to file an **Anders**/**McClendon** brief pursuant to Rule 1925(c)(4), a trial court opinion is not necessary and the trial court record shall be certified . . . to this Court."). Trial Court Order to Transmit Record, 7/29/17, at 1.[4]

On January 12, 2018, this Court issued a second order, this time directing counsel to advise Appellant, within 14 days of the order, of "his **immediate** right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of this Court's attention." Order, 1/12, 18, at 1 (citing **Commonwealth v. Millisock**, 873 A.2d 748, 751-52 (Pa. Super. 2005) (emphasis in original)). By letter filed with this Court on January 29, 2018, counsel complied with the directive.

Although counsel's initial failures to satisfy the procedural requirements necessitated the issuance of two orders from this Court, counsel ultimately satisfied the procedural requirements set forth in **Anders**, as refined by **Santiago**. The record now includes counsel's conclusion, based on a review of the case, that there are no meritorious issues to be raised on Appellant's behalf and that proceeding with the case would be frivolous. In addition, the record now reflects that counsel furnished a copy of the appellate brief to

---

[4] Pa.R.A.P. 1925(c)(4) provides that, "[i]f upon review of the **Anders**/**McClendon** brief, the appellate court believes that there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both."

Appellant and properly advised Appellant of his right to retain new counsel or act on his own behalf to raise additional arguments or points for this Court's consideration.

With the procedural requirements of **Anders** satisfied, this Court must next ascertain whether the brief satisfies the substantive mandates prescribed in **Santiago**. In **Santiago**, our Supreme Court announced:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

As noted above, by order entered May 4, 2018, we advised counsel that while he had satisfied the procedural requirements of **Anders**, his brief did not comply with the substantive requirements. In response, counsel filed an amended brief that includes a statement of the case setting forth the procedural history of the case. Appellant's Amended Brief at 4-7. Counsel has satisfied the first requirement.

The second required element of an **Anders** brief is reference to anything in the record that counsel believes arguably supports the appeal. Here, counsel refers to testimony that arguably supports the appeal, including testimony of the complainant, her adult sister, and her mother, noting that

- 5 -

the testimony of all three individuals was challenged on cross-examination. In addition, counsel refers to Appellant's own testimony and that of two of his children as well as stipulated testimony concerning Appellant's good character. Appellant's Amended Brief at 4-14. We find counsel has complied with the second requirement.

Counsel has satisfied the third element of **Anders**, stating his conclusion that the appeal is frivolous. **Id.** at 7, 14. Finally, counsel provided his reasons for concluding the appeal is frivolous. **Id.** at 8-14. Thus, counsel has satisfied the fourth and final element of the **Anders** test.

Having determined the procedural and substantive requirements of **Anders** are satisfied, we must conduct our own independent review of the record to determine if the issues identified in this appeal are, as counsel asserts, wholly frivolous, or if there are any other meritorious issues present in this case. **Santiago**, 978 A.2d at 354 (quoting **Anders**, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

In his first issue, Appellant contends the verdict is against the weight of the evidence. Our Supreme Court has explained:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Widmer**, 744 A.2d 745, 751–52 (Pa. 2000); **Commonwealth v. Brown**, 648 A.2d 1177, 1189 (Pa. 1994). A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts

- 6 -

would have arrived at a different conclusion. **Widmer**, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" **Id.** at 752 (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." **Brown**, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence*. **Brown**, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. **Commonwealth v. Farquharson**, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

**Widmer**, 744 A.2d at 753 (emphasis added).

**Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013) (citations modified).

Here, the trial court denied Appellant's post-sentence motion by order entered May 16, 2017. The trial court did not provide any findings or offer any reasons for its conclusions in that order and, as noted above, did not file a Rule 1925(a) opinion in light of counsel's indication he would be filing an **Anders** brief. However, the trial court did make a statement at the time of

the sentencing that provides insight into the denial of Appellant's motion. The trial court explained to Appellant:

> [Trial counsel] is going to file a post-sentence motion for you. He's going to raise two issues that he's required to raise or they'd be waived. He just has to put a sentence down, because he's not going to do the brief. He'll say that the verdict was against the weight of the evidence, and he'll say that the [j]udge abused his discretion at sentencing. I think those are probably frivolous claims, because the jury was absolutely entitled to believe the testimony of the complainant, who was credible, and her sister, and to disbelieve your testimony, which was not credible, in my view. It certainly doesn't shock my conscience, which is what the standard is for weight of the evidence.

Notes of Testimony, Sentencing, 1/20/17 at 34-35. Based on our review of the record and the trial court's comments at sentencing, we find no abuse of discretion on the part of the trial court in rejecting Appellant's weight of the evidence claim.

The second claim preserved for appeal related to discretionary aspects of sentence. In his post-sentence motion, Appellant asserted simply that his sentence was excessive. Appellant's Post-Sentence Motion, 1/26/17, at ¶ 3. Appellant is not entitled to relief.

"In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard. Additionally, this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A]. § 9781(c) and (d)." *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super. 2013) (quotation marks and citations omitted).

In **Commonwealth v. Levy**, 83 A.3d 457 (Pa. Super. 2013), this Court reiterated:

> Appellant is not entitled as of right to a review of such a challenge. Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

**Id.** at 467 (quoting **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations and modifications omitted)).

A review of the record reveals that Appellant has satisfied the first two elements of the test. However, his brief does not include a statement in accordance with Pa.R.A.P. 2119(f). Even if it did include a Rule 2119(f) statement, it is clear Appellant has not raised a substantial question under 42 Pa.C.S.A. § 9781(b) that the sentence appealed from is not appropriate.[5]

**See Commonwealth v. Griffin**, 65 A,3d 932, 936-37 (Pa. Super. 2013),

---

[5] "A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." **Commonwealth v. Johnson**, 873 A.2d 704, 708 (Pa. Super. 2005).

*appeal denied*, 76 A.3d 538 (Pa. 2013), (citing **Commonwealth v. Coss**, 695 A.2d 831, 833 (Pa. Super. 1997) (when the sentence imposed falls within the statutory limits, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question)).

At sentencing, the trial court addressed the potential discretionary aspects of sentence claim and explained:

> In terms of a discretionary sentence, I gave you a standard range guideline sentence. So unless a Court is going to find that to be unreasonable, clearly unreasonable, because it's within the guidelines, you got a break. You got a sentence within the guidelines when the Commonwealth asked me to give you four to eight years. Okay? And I think some [j]udges would have done that.

Notes of Testimony, Sentencing, 1/20/17, at 35. Appellant has failed to raise a substantial question regarding his sentence and has failed to show that the sentencing court abused its discretion in fashioning a sentence within the guidelines. His claim of an excessive sentence is devoid of merit.

The third issue raised on appeal relates to a juror who failed to disclose a prior employment relationship with Appellant. As Appellant concedes, it is the duty of the parties to ascertain, by proper examination at the time the jury is impaneled, the existence of any reasons for objection to the jurors. Appellant's Amended Brief at 13 (citing **Commonwealth v. Aljoe**, 216 A.2d 50 (Pa. 1966)). As our Supreme Court recognized in **Aljoe**, a challenge to a juror "cannot be successfully raised after a jury has been sworn except in

those cases where a defendant has been intentionally misled or deceived by the juror or by the opposite party." ***Aljoe***, 216 A.2d at 54.

As acknowledged in Appellant's brief:

> In this case, Appellant informed the court that he did not recognize the juror until he saw the juror in the hallway. Moreover, the juror did not indicate a familiarity with Appellant. Together these facts arguably could indicate that the panelist intentionally misled the court and the defendant during general *voir dire* as to whether he was familiar with Appellant. However, Appellant voluntarily excused himself from individual *voir dire*. In so doing, Appellant deprived himself of the opportunity [to] more closely view potential jurors and to hear their answers to [the court's inquiry] into topics such as employment history. By depriving himself of this opportunity, Appellant deprived himself [of] an opportunity to discover whether the juror was actually the person Appellant believed him to be and whether their ostensible relationship would be helpful, hurtful, or harmless at trial. An appeal as to the selection of the jury under such circumstances would be frivolous.

Appellant's Amended Brief at 13-14. We agree. Appellant's third issue lacks merit.

In summary, our independent review of the record does not reveal any non-frivolous arguments available to Appellant. Therefore, we grant counsel's motion to withdraw and affirm the judgment of sentence.

Motion for leave to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18

- 11 -